**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

RALIEK REDD,

                 Plaintiff,

           v.

CITY OF ROCHESTER, et al.,

                 Defendants.

**DECISION AND ORDER**
15-CV-6049

### Preliminary Statement

Plaintiff brings this 42 U.S.C. § 1983 civil rights action against the County of Monroe and County employees, alleging false arrest, failure to intervene, false imprisonment, and unlawful strip search. Plaintiff also brings a Monell claim, alleging that the County has promulgated, implemented, enforced and/or failed to rectify several policies, practices and customs of strip-searching arrestees charged with misdemeanors or violations. See Amended Complaint (Docket # 14).[1]

Plaintiff filed the instant motion to compel discovery (Docket # 37) based on defendants' failure to respond to plaintiff's first set of requests for production and interrogatories. Counsel for the defendants responded to the

---

[1] The action initially was filed against named and unnamed Rochester Police Officers and the City of Rochester. See Notice of Removal (Docket # 1). The amended complaint added the County, Sheriff, and county corrections officers. Judge Larimer then signed a Stipulation and Order discontinuing the action against all City defendants on February 8, 2016. (Docket # 32).

instant motion, providing responses and/or objections to the requests for production and interrogatories.  (Docket ## 40, 40-1, 40-2).  Plaintiff's raised specific arguments by reply brief (Docket # 41), and an additional letter.  The Court heard oral argument on August 19, 2016.  The following Order confirms what was stated on the record:

    1.  Interrogatories ## 11-19:  Plaintiff seeks documents related to policies, training, techniques and procedures for conducting strip searches during intake and/or booking at the Monroe County Jail.  Defendants have indicated that, their objections notwithstanding, they have turned over all such documentation to plaintiff.  This motion is therefore **granted**. Interrogatories ## 15 and 16 ask for specific documents on training and policies related to strip searches of minors. Defendant shall have **two weeks** from the date of this Order to supplement disclosures to include any policies and training materials related to strip searches of minors during intake and/or booking at the Monroe County Jail.

    2.  Interrogatory # 21: Plaintiff asks for "all documents setting out policies and procedures of County Defendants and the MCSO with respect to arrestees under the age of 18 years old." This request is **granted,** and defendants shall have **two weeks** to supplement their prior submissions.

2

3.  Interrogatories ## 22-24: Plaintiff seeks information regarding MCSO internal affairs policies and procedures for reviewing officer conduct and complaints made against officers. This request is **denied**.   Plaintiff does not allege that any internal affairs complaints were filed with the County regarding the facts of this case, and at this point the Court does not see how the internal affairs process is relevant to plaintiff's Monell claim.

4.  Interrogatory # 27: Plaintiff requests "all documents that set out the number of overtime hours worked by each officer, agent, or employee of the MCSO or County who was present at or involved in the incident sued upon." This request is **denied** as plaintiff failed to establish any relevance of such internal documents.

5.  Interrogatories ## 28-32:   With these requests, plaintiff's counsel explained to the Court that he found references to powerpoint presentations and videos used to train county employees on when and how to authorize and perform strip searches during intake/booking. Plaintiff's request is **granted**, and defendants have **two weeks** to provide to plaintiff all training materials, including powerpoint presentations, textbooks, and videos related to strip searches during the intake/booking process.

3

6.  Interrogatory # 33:  Plaintiff requests that defendants "identify each employee who was terminated and/or disciplined for conducting an improper and/or unlawful strip search from June 26, 2002 to the present and give the date and the identity of the subject of the search."  This request is **granted** as follows:  Disciplinary records of defendants are normally discoverable in § 1983 actions insofar as such prior complaints concern (1) the truth or veracity of the defendant or (2) similar conduct to the type of allegations made in this case – namely, unlawful strip searches.  See Simcoe v. Gray, No. 10-CV-6531, 2012 WL 1044505, at *3 (W.D.N.Y. Mar. 28, 2012)(citing Chatman v. Felker, No. CIV S-03-2415 JAM KJM P, 2009 WL 173515, at *5-6 (E.D. Cal. Jan. 23, 2009); Session v. Rodriguez, No. 3:03CV0943 (AWT), 2008 WL 2338123, at *2 (D. Conn. June 4, 2008); Cox v. McClellan, 174 F.R.D. 32, 34 (W.D.N.Y. 1997)).  Consistent with past practice in this Court, defense counsel must (1) speak to his clients to ascertain whether they have any personal recollections of a prior complaint or grievance that may be responsive, and (2) review the defendants' personnel files to determine whether any information contained therein is responsive.  See Venable v. Morabito, No. 10-CV-6624, 2012 WL 4120397, at *1 (W.D.N.Y. Sept. 19, 2012)(citing (Edwards v. Skelly, No. 07-CV-6343, 2012 WL 1029492, at *1 (W.D.N.Y. Mar.

4

26, 2012)). Responsive documents would be those documents pertaining to previous allegations or reports of unalwful strip-searches and/or documents reflecting adversely on the truth or veracity of the defendants. The Court directs that defense counsel shall file an affidavit with the Court confirming that a good faith investigation has been conducted into relevant prior reports and disclosing the results of that investigation. Defendants shall produce the documents set forth in this Order within **thirty (30) days** from entry of this Order. Plaintiff shall return a signed Confidentiality Order to defendants in advance of receiving any personnel files or other confidential information.

7. Document Requests: Plaintiff requests all materials, written or recorded, that were created as to the plaintiff's arrest, booking and intake process, or in response to any complaints or investigations thereafter. This request is clearly relevant and within the scope of discoverable materials and is therefore **granted.** Counsel for defendants has stated that all such material was turned over in his discovery responses. Defense counsel is directed to file a sworn affidavit with the Court outlining the steps taken to ensure that all existing documents have been collected and turned over to plaintiff. This affidavit shall be filed with the Court no

5

later than **thirty (30) days** from the date of this Order. Defense counsel stated that video footage of plaintiff's booking was deleted after thirty days as per Monroe County policy. Of course, defendants cannot provide what has been deleted. Defendants are directed to turn over any written record retention schedule and policy that exists within **two weeks** of this Order.

8. <u>Identification:</u> Counsel for plaintiff indicated at the hearing that one purpose of his discovery demands was to identify which of the named defendants was involved in the alleged conduct at issue in this case. Counsel for the defendant states that the officers do not remember the incident and that it did not occur, and thus cannot identify which named defendant participated in the alleged strip search. To aid plaintiff in appropriately litigating this case, defense counsel is ordered to supply photos of the defendants who were on duty at Monroe County Jail on November 27, 2013, to plaintiff within **thirty (30) days** of this Order.

**SO ORDERED.**

JONATHAN W. FELDMAN
UNITED STATES MAGISTRATE JUDGE

Dated:    September 7, 2016
          Rochester, New York

6